IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FILED

JUN 16 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER, INC., <br> Plaintiff, | Case No. 1:25-cv-00339 <br><br> Judge David A. Ruiz |
| v. | |
| NICHOLAS KRUDY, <br> Defendant. | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### RULE 55(a) APPLICATION FOR ENTRY OF DEFAULT

Defendant Nicholas Krudy respectfully submits this opposition to Plaintiff's application for entry of default under Fed. R. Civ. P. 55(a). Because Plaintiff failed to properly serve the summons and complaint in accordance with Rule 4(e), no obligation to respond has arisen. Plaintiff's own filings confirm this failure.

**I. Service Was Not Proper Under Rule 4(e)**

Plaintiff states that the summons and complaint were "served ... via process server to Defendant's P.O. Box." (ECF No. 7 at 1; ECF No. 7-1 ¶ 6). This confirms that service was not made personally on Defendant, at his dwelling or usual place of abode, or on an authorized agent. Plaintiff used a private process server, but Fed. R. Civ. P. 4(e) does not permit personal service on an individual by delivering legal papers to a post office box. Plaintiff did not seek leave for alternative service, and the Court has not authorized any exception to Rule 4(e). Accordingly, service was not properly effected.

- 1 -

## II. The Application Mischaracterizes the Record and Improperly Seeks Default

Despite acknowledging that service was attempted only by delivering documents to a P.O. Box, Plaintiff asserts that Defendant was "served" and has "failed to plead or otherwise defend." (ECF No. 7 at 1–2). This is materially misleading. The obligation to respond under Rule 12(a) is triggered only upon proper service of the summons and complaint. See *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).

Service is a jurisdictional prerequisite to default. See *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). And actual notice is not a substitute for proper service under Rule 4. See *LSJ Inv. Co.*, 167 F.3d at 324. An application for default based on non-service not only lacks merit but also invites procedural error and wastes the Court's resources.

## III. The Clerk Should Decline to Enter Default on This Record

Rule 55(a) permits the Clerk to enter default only "when that failure is shown by affidavit or otherwise." The "otherwise" standard does not allow default to be entered on the basis of facially invalid or self-defeating affidavits—especially where the document relied on establishes the absence of proper service. Entering default on this record would be both procedurally improper and constitutionally infirm, as it would deny Defendant the opportunity to appear and defend absent proper notice. Accordingly, the Application should be denied. If the Clerk has any doubt as to the sufficiency of service or the propriety of default, Defendant respectfully requests that the matter be referred to the Court.

**IV. Preservation of Defenses**

This response is submitted solely to prevent the erroneous entry of default under Rule 55(a). Defendant expressly reserves all defenses and objections permitted under the Federal Rules of Civil Procedure, including but not limited to those available under Rules 12(b)(1) through 12(b)(6). This filing shall not be construed as a waiver of any jurisdictional or procedural defense. This filing does not constitute a general appearance and is submitted solely to contest the procedural sufficiency of Plaintiff's Rule 55(a) application.

Dated: June 16, 2025                                      Respectfully submitted,

                                                                                    Nicholas Krudy

                                                                                     Defendant, Pro Se
                                                                                     PO Box 527
                                                                                     Novelty OH 44072

                                                                                     (330) 732-5001

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2025, I deposited a copy of the foregoing Opposition to Plaintiff's Rule 55(a) Application for Entry of Default with the Clerk of the United States District Court for the Northern District of Ohio. When the Clerk scans and uploads the document into CM/ECF, notice of this filing and service will be sent to all parties who are CM/ECF system users.

*/s/ Nicholas Krudy*
Nicholas Krudy