**IN THE UNITED STATES DISTRICT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNIVERSITY HOSPITALS | : | |
| CLEVELAND MEDICAL CENTER, INC., | : | |
| | : | CASE NO. 1:25-cv-00339-DAR |
| Plaintiff | : | |
| | : | JUDGE DAVID A. RUIZ |
| v. | : | |
| | : | |
| NICHOLAS KRUDY, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR CLERK'S ENTRY OF DEFAULT PURSUANT TO CIVIL RULE 55(a) AGAINST DEFENDANT**

Pursuant to the Court's Order of June 17, 2025 (Doc. #9), Plaintiff University Hospitals Cleveland Medical Center, Inc. ("Plaintiff"), by and through counsel, respectfully submits its Reply in Support of its Motion for Clerk's Entry of Default Pursuant to Civil Rule 55(a) Against Defendant (the "Motion"). Despite evading service for weeks and ignoring Plaintiff's counsel's communications on this matter, Defendant Nicholas Krudy ("Defendant") immediately responded to the Motion by filing an Opposition to Plaintiff's Rule 55(a) Application for Default (the "Opposition.").

The Opposition alleges that Plaintiff has failed to properly serve Defendant. Defendant is mistaken. Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service may be perfected upon an individual by "following state law for serving a summons in an action brough in courts of general jurisdiction in the state where the district court is located or where service is made…"

Plaintiff has utilized a P.O. Box for his many court and agency filings adverse to Defendant. In fact, the Opposition includes the following signature line: "Nicholas Krudy Defendant, Pro Se

1

PO Box 527 Novelty OH 44072." (Doc. #8). Following Defendant's evading of personal service, Plaintiff served the P.O. Box and provided notice to this Court. (Doc. #6).

Importantly, the Ohio rules permit a party to serve a defendant with a copy of a complaint and summons at a P.O. Box registered to a defendant. *See Porter v. Chait*, 8th Dist. Cuyahoga No. 98181, 2012-ohio-3696 ¶10 ("In this case, Chait is the statutory agent for All Service Construction, LLC. According to the record, both Chait and All Service were served with the summons and complaint at a Cuyahoga County address, to wit: a P.O. Box address in Cleveland. The proposal appellants presented to the Porters prior to entering into the contract listed the same Cleveland P.O. Box address as appellants' address"); *see also Davidson v. West*, 10th Dist. Franklin No. 18AP-268, 2019-Ohio-224 ¶2 ("On November 6, 2017, summons and a copy of the complaint were sent by certified mail to appellant at P.O. Box 248811, Columbus, Ohio 43224 ("P.O. Box address"). On December 7, 2017, a document was filed reflecting no proof of service had been filed"); *Bowman v. DeMarco*, Case No. 2009–P–0020, 2009 WL 3418994 *1 (11th Dist. Oct. 23, 2009) ("On July 24, 2008, the certified mail service sent to P.O. Box 39301, Solon, Ohio was returned as "unclaimed." Thereafter, pursuant to Civ.R. 4.6(D), appellee served appellant by regular mail service at the aforementioned P.O. Box on July 31, 2008. The regular mail was not returned and, therefore, it was presumed perfected pursuant to the rule").

Here, this lawsuit was filed on February 19, 2025. A copy of the lawsuit was sent to Defendant's email address that same day. Plaintiff initially tried to serve Defendant via a process server. Defendant, however, evaded service and obstructed the processes server from entering his property for service. At the same time Defendant was evading service of this Complaint, Defendant was preparing and filing his frivolous lawsuit in the Cuyahoga County Court of Common Pleas against Plaintiff, and continuing with his many other pending frivolous charges and federal court

of appeals. Defendant would email Plaintiff's counsel concerning the many other pending frivolous actions file motions and documents in the many other pending frivolous actions, while simultaneously intentionally refusing to acknowledge this lawsuit and communications regarding this lawsuit.

Based on the date that the Summons and Complaint were served on Defendant, Defendant's answer was due on April 18, 2025. Defendant has failed to answer or otherwise plead in response to the Complaint. Accordingly, Plaintiff respectfully requests that the Clerk enter the default of Defendant Nicholas Krudy pursuant to Civil Rule 55(a).

                                           Respectfully submitted,

                                           */s/ David A. Campbell*
                                           David A. Campbell (0066494)
                                           Donald G. Slezak (0092422)
                                           Gordon Rees Scully Mansukhani, LLP
                                           600 Superior Ave., East
                                           Suite 1300
                                           Cleveland, OH 44114
                                           Phone: (216) 302-2531
                                           Fax: (216) 539-0026
                                           Email: dcampbell@grsm.com
                                           dslezak@grsm.com

                                           *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed with the Court and electronically served on counsel on June 18, 2025.  A copy was also emailed to UHCMC at john@johnkoe.org. A copy was also served on plaintiff  via overnight mail at his P.O.Box No. 527, Novelty, Ohio 44072.

    Respectfully submitted,

    */s/ David A. Campbell*
    David A. Campbell (0066494)
    Gordon Rees Scully Mansukhani, LLP

    *One of the attorneys for Plaintiff*