IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

MAR 10 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| UNIVERSITY HOSPITALS<br>CLEVELAND MEDICAL CENTER | ) | |
| | ) | CASE NO. 1:25-cv-00339 |
| Plaintiff. | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| NICHOLAS KRUDY, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO DISMISS

Defendant Nicholas Krudy, pursuant to Fed. R. Civ. P. 12(b)(5), 12(b)(1), and 12(b)(6),

respectfully moves to dismiss Plaintiff's Complaint for insufficient service of process, lack of

subject-matter jurisdiction, and failure to state a claim, for the reasons set forth in the

accompanying Memorandum in Support.

Dated: March 10, 2026

Respectfully submitted,

Nicholas Krudy

PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Defendant, pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNIVERSITY HOSPITALS                    )
CLEVELAND MEDICAL CENTER        )
                                                            )        CASE NO. 1:25-cv-00339
          Plaintiff.                                  )
                                                            )        JUDGE DAVID A. RUIZ
v.                                                        )
                                                            )
NICHOLAS KRUDY,                          )
                                                            )
          Defendant.                               )

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

University Hospitals Cleveland Medical Center ("University Hospitals") filed this action demanding a declaration that Krudy is a "vexatious litigator" and injunctive relief barring future lawsuits, administrative charges, bar grievances, and complaints to law enforcement without prior leave of court. (Compl. ¶¶ 226, 235–236, 246; Compl. Prayer ¶¶ 1–2.) The Complaint was not properly served. It pleads no valid basis for this Court's jurisdiction. It states no claim under a recognized cause of action. And the extraordinary prior restraints it demands are foreclosed by statutory and constitutional limitations that the Complaint does not address. The Complaint should be dismissed under Rules 12(b)(5), 12(b)(1), and 12(b)(6).

## FACTUAL BACKGROUND

The following facts are drawn from the Complaint's own allegations and judicially noticeable filings on this Court's docket.

University Hospitals is an acute-care hospital operating within the University Hospitals Health System. (Compl. ¶ 1.) Among other functions, it operates the Case Western Reserve University/University Hospitals Cleveland Medical Center Psychiatry Residency Program (the

1

"Residency Program"). (*Id.* ¶ 3.) Krudy is a former resident in the Residency Program and a resident of Ohio. (*Id.* ¶¶ 4–5.) He "ceased working for UH in 2021." (*Id.* ¶ 9.)

University Hospitals alleges that Krudy "has filed more than 40 charges and amendments" with "various state and federal agencies" against University Hospitals, its employees, and its attorneys. (Compl. ¶¶ 205, 228, 238.) It alleges that Krudy filed two prior federal lawsuits (the "First Lawsuit" and "Second Lawsuit") and "many appeals related to the orders issued by Judge Polster and Judge Ruiz in those lawsuits." (*Id.* ¶¶ 206, 229, 239.) University Hospitals characterizes all of Krudy's agency charges and federal lawsuits as "frivolous" and filed "simply to harass." (*Id.* ¶¶ 207, 230, 240.)

University Hospitals further alleges that Krudy "has threatened to file a third lawsuit arising out of the same allegations from the Federal Lawsuits, both of which are on appeal with the Sixth Circuit Court of Appeals." (Compl. ¶ 208.) It asserts that Krudy was "expected to file his new, threatened lawsuits prior to February 23, 2025." (*Id.* ¶ 242.)

University Hospitals filed this action on February 19, 2025, seeking a judicial declaration that Krudy is a "vexatious litigator," preliminary and permanent injunctive relief, and a temporary restraining order. (Compl. at 29–30). By its own account, University Hospitals attempted service by delivering the summons and complaint "via process server to Defendant's P.O. Box." (Declaration in Support of Application for Entry of Default ¶ 6, ECF No. 7-1; Return of Service, ECF No. 6). University Hospitals then sought entry of default on the premise that Krudy had been served and failed to respond. (Application for Entry of Default, ECF No. 7). Krudy appeared for the limited purpose of opposing default. (Opposition to Plaintiff's Rule 55(a) Application for Entry of Default, ECF No. 8). The Court ordered University Hospitals to respond to Krudy's service objections or withdraw the default application. (Order re Application for

Entry of Default, ECF No. 9). Rather than curing service through a lawful method, University Hospitals elected to press its default request. (Plaintiff's Reply in Support of Motion for Clerk's Entry of Default, ECF No. 10).

**LEGAL STANDARD**

### A. Rule 12(b)(5): Insufficient Service of Process

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. Without proper service, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). The plaintiff bears the burden of demonstrating that service was proper. Actual knowledge of a lawsuit does not substitute for proper service under Rule 4. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004).

### B. Rule 12(b)(1): Lack of Subject-Matter Jurisdiction

A motion under Rule 12(b)(1) challenges the court's subject-matter jurisdiction. The party invoking federal jurisdiction bears the burden of establishing it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Where, as here, the challenge is facial—based on the allegations of the pleading itself—the court accepts the well-pleaded factual allegations as true but examines whether they are sufficient to invoke jurisdiction. If the court lacks subject-matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

### C. Rule 12(b)(6): Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions and unwarranted factual inferences are not entitled to the presumption of truth.

**ARGUMENT**

**I. The Complaint Should Be Dismissed Under Rule 12(b)(5) for Insufficient Service of Process.**

Rule 4(e) permits service on an individual in a federal action only by following applicable state law or by (A) personal delivery to the individual, (B) delivery to the individual's dwelling or usual place of abode with someone of suitable age and discretion residing there, or (C) delivery to an agent authorized by appointment or by law to receive service. Fed. R. Civ. P. 4(e)(1)–(2).

University Hospitals did not comply with any of those methods.

Its own filing states that the summons and complaint "were served upon Defendant on March 28, 2025 via process server to Defendant's P.O. Box." (Declaration in Support of Application for Entry of Default ¶ 6, ECF No. 7-1; Return of Service, ECF No. 6.) Delivery of process to a P.O. Box is not personal delivery to the defendant. A P.O. Box is not a "dwelling or usual place of abode." And delivery to a P.O. Box is not delivery to an agent authorized by appointment or by law to receive service of process on the defendant. Fed. R. Civ. P. 4(e)(2)(A)–(C). Nor is it service under Ohio Civ. R. 4.1(A)—which requires the clerk to mail the summons and complaint by certified mail—as authorized by Fed. R. Civ. P. 4(e)(1) and implemented in this District under Local Rule 4.2. N.D. Ohio L.R. 4.2.

The defect is not merely technical. University Hospitals sought entry of default on the premise that Krudy "was served" and "failed to plead or otherwise defend." (Application for Entry of Default at 1–2, ECF No. 7). Krudy appeared to contest service and oppose default. (Opposition to Plaintiff's Rule 55(a) Application for Entry of Default, ECF No. 8). The Court ordered University Hospitals to respond to Krudy's service objections or withdraw the default application. (Order re Application for Entry of Default, ECF No. 9). Rather than curing service through a lawful method, University Hospitals elected to press its default request. (Plaintiff's Reply in Support of Motion for Clerk's Entry of Default, ECF No. 10). More than 90 days have now passed without valid service. Insufficient service independently bars default and, absent good cause or a discretionary extension, warrants dismissal under Rule 4(m).

## II. The Complaint Should Be Dismissed Under Rule 12(b)(1) Because It Pleads No Valid Basis for Federal Subject-Matter Jurisdiction.

University Hospitals bears the burden of establishing federal jurisdiction. The sole jurisdictional paragraph in the Complaint states: "Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff seeks declaratory and injunctive relief against Defendant pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2201." (Compl. ¶ 6.) That assertion fails on its face.

The Declaratory Judgment Act, 28 U.S.C. § 2201, is remedial only. It authorizes relief "in a case of actual controversy within [the court's] jurisdiction" but "does not extend" federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The All Writs Act, 28 U.S.C. § 1651, likewise does not create jurisdiction; it authorizes writs only "in aid of" jurisdiction that independently exists. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31–33 (2002). To invoke federal-question jurisdiction under 28 U.S.C. § 1331, a plaintiff must plead a

claim "arising under" the Constitution, laws, or treaties of the United States. Neither the Declaratory Judgment Act nor the All Writs Act supplies such a claim. *Skelly Oil*, 339 U.S. at 671–72.

University Hospitals' jurisdictional theory is therefore circular: it invokes 28 U.S.C. § 1331 "because" it seeks relief under statutes that do not independently confer federal-question jurisdiction. That is insufficient as a matter of law.

University Hospitals does not invoke diversity jurisdiction under 28 U.S.C. § 1332, and diversity is unavailable because both University Hospitals and Krudy are citizens of Ohio. (Compl. ¶¶ 1, 4.)

Because the Complaint identifies no valid basis for original federal jurisdiction, the action should be dismissed.

## III. The Complaint Should Be Dismissed Under Rule 12(b)(6) Because It Fails to State a Claim Upon Which Relief Can Be Granted.

The Complaint also fails to state a claim upon which relief can be granted. Each of its three counts demands a form of relief—declaratory judgment, injunction, temporary restraining order—without identifying a cause of action that would entitle University Hospitals to that relief.

### A. The Complaint Pleads Remedies, Not Claims Under Any Recognized Cause of Action.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," separate from "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). A declaration, an injunction, and a temporary restraining order are forms of relief, not causes of action. A plaintiff who seeks to sue must assert a cause of action by showing that "(1) her legal rights have been violated and (2) the law authorizes her to seek judicial relief." *Livingston v. Jay Livingston Music, Inc.*, No. 24–5263, slip op. at 13 (6th Cir. July 7, 2025) (Readler, J.,

6

concurring) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). The Declaratory Judgment Act "does not create an independent cause of action"; the availability of declaratory relief "presupposes 'the existence of a judicially remediable right.'" *Id.* at 13–14 (quoting *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007), and *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)). When a plaintiff seeks a declaratory judgment, the "underlying cause of action" is the thing "actually" being "litigated." *Id.* at 14 (quoting *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990)).

Count I does not state a claim under any recognized cause of action. University Hospitals alleges that "[t]his Court has the ability to issue a declaratory judgment declaring Krudy to be a vexatious litigator" under 28 U.S.C. §§ 1651 and 2201 and cited decisions. (Compl. ¶ 212.) It adds factual and comparative allegations regarding *Riccard* and *Filipas* in paragraphs 213 through 225, and concludes that it is "therefore" entitled to a judicial declaration and screening process. (*Id.* ¶ 226.) But an assertion that the Court possesses authority to fashion a remedy is not a claim stated under a recognized cause of action. It is a demand for the exercise of judicial power—without identifying any underlying cause of action being litigated. That is insufficient under Rule 8 and fails under Rule 12(b)(6).

Counts II and III fail for the same reason. Each alleges only that "[t]his Court has the ability to issue an injunction" under 28 U.S.C. § 1651 and cited decisions. (Compl. ¶¶ 234, 245.) Each then concludes that University Hospitals is "therefore" entitled to injunctive relief or a temporary restraining order. (*Id.* ¶¶ 235, 246.) Again, an assertion of remedial power is not a claim stated under any recognized cause of action.

**B. The Decisions Cited in the Complaint Do Not Recognize a Federal Cause of Action for Prefiling Restraints.**

University Hospitals cites a line of decisions as supposed support for the declaration and injunction it demands. (Compl. ¶¶ 7, 212, 214–222, 234, 245.) None of those authorities recognizes a federal cause of action entitling a private party to obtain the relief demanded here.

The Complaint first asserts that it "is proper based on this Court's prior decision in *Conley v. Smith*." (Compl. ¶ 7.) But *Conley* rejected a similar declaratory-judgment action as nonjusticiable for lack of an "actual controversy" and, alternatively, because any controversy was not fit for resolution through a declaratory-judgment action. *Conley v. Smith*, No. 5:08-cv-00622, Order, ECF No. 27 (N.D. Ohio Mar. 6, 2009). *Conley* supports dismissal, not entitlement.

The remaining authorities likewise do not support entitlement. *Sumbry* and *Wrenn* reflect courts sanctioning a pattern of baseless and abusive filings in cases already before them—not recognition of a freestanding federal cause of action by which a private party may sue to have an opponent declared a "vexatious litigator." *Sumbry v. State of Indiana*, No. 4:06-cv-1322, 2006 WL 3420206, at *1 (N.D. Ohio Nov. 27, 2006); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94–5453, 94–5593, 1995 WL 111480, at *1 (6th Cir. Mar. 15, 1995). *Filipas* concerned the court's inherent power to regulate abusive litigation, not a cause of action belonging to a private plaintiff. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). *Riccard* arose from a court's exercise of its sanction authority in ongoing litigation and later contempt proceedings; it did not recognize a separate federal cause of action for a prior restraint on another person's future petitioning activity. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1285, 1298–99 (11th Cir. 2002). *Lomaz* reflects a federal court's application of Ohio's vexatious-litigant statute, R.C.

8

2323.52, while sitting in diversity. *Lomaz v. Ohio Dep't of Com., Div. of State Fire Marshal*, No. 5:03-cv-02609, Order, ECF No. 42 (N.D. Ohio Apr. 20, 2005).

In short, every authority University Hospitals cites confirms that prefiling restrictions are a tool of judicial administration—not a private cause of action that one litigant may assert against another.

## C. The Declaratory Judgment Act and All Writs Act Do Not Authorize the Relief Sought.

The Declaratory Judgment Act does not authorize the declarations University Hospitals seeks. The Act authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Congress deliberately excluded "status" from the federal Declaratory Judgment Act, limiting declarations to "rights and other legal relations" of interested parties. *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 242 (1952). The Complaint's Prayer ¶ 1—seeking a declaration that Krudy is a "vexatious litigator"—seeks precisely the sort of status declaration that Congress chose not to authorize.

Looking past the label, Prayer ¶ 2 is injunctive relief in substance—it asks this Court to prohibit Krudy from filing in any forum without prior leave of court. (Compl. Prayer ¶ 2; *id.* ¶¶ 226, 235–236.) That is an injunction, not a declaratory judgment.

The All Writs Act does not supply what the Declaratory Judgment Act does not. It authorizes only writs "necessary or appropriate in aid of" jurisdiction and only those "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is not a roving commission to grant whatever coercive relief a litigant wants. And it does not convert remedial authority into a cause of action.

In any event, the specific restraints University Hospitals demands cannot be granted—they are foreclosed by both statutory and constitutional limitations on this Court's power.

**D. The Norris-LaGuardia Act Divests This Court of Jurisdiction to Issue the Injunctions Sought.**

The Norris-LaGuardia Act provides that "[n]o court of the United States . . . shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute." 29 U.S.C. § 101. The "critical element" is whether "the employer-employee relationship [is] the matrix of the controversy." *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 712–13 (1982) (quoting *Columbia River Packers Ass'n, Inc. v. Hinton*, 315 U.S. 143, 147 (1942)). Where it applies, the Act divests the federal courts of jurisdiction to grant injunctive relief unless the plaintiff satisfies each of the prerequisites Congress prescribed in 29 U.S.C. § 107(a)–(e).

University Hospitals' own allegations make the employer-employee relationship the matrix of this controversy. The Complaint identifies Krudy as a former employee and alleges that the charges, lawsuits, and other activity it seeks to enjoin concern the terms or conditions of employment. (Compl. ¶¶ 5, 9–10.) This is a case involving or growing out of a labor dispute under the Act. 29 U.S.C. §§ 101, 113(a), (c). Yet the Complaint does not attempt to plead any of the prerequisites required under § 107. This Court therefore lacks jurisdiction to issue the restraining order or injunction demanded in Counts II and III.

Congress enacted the Norris-LaGuardia Act for precisely this situation—to end federal-court intervention at the behest of employers through injunctions against working people attempting to improve the terms and conditions of employment. The Supreme Court has observed that such intervention had caused "the federal judiciary to fall into disrepute among large segments of this Nation's population." *Jacksonville Bulk Terminals*, 457 U.S. at 715.

The All Writs Act does not provide a path around the Act's limits; it cannot be used to evade the express restrictions Congress placed on the power of the federal courts in this type of case.

**E. The Complaint Seeks an Unconstitutional Prior Restraint on the Right to Petition.**

The First Amendment prohibits the government from abridging freedom of speech and the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. Federal courts possess inherent power "to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984). But that power belongs to the court, not to private litigants—its exercise is not "dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief." *Id.* And because inherent powers are potent, courts must exercise them "with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

The Complaint inverts that framework. University Hospitals asks this Court to prohibit Krudy from filing any action, charge, petition, grievance, or complaint in any forum—including state courts, federal Executive Branch agencies, law enforcement authorities, and bar disciplinary authorities—unless he first obtains leave of this Court. (Compl. Prayer ¶ 2; *id.* ¶¶ 235–246.) That is not the same as a court exercising its inherent authority to protect its own Article III function. It is a demand that the Court exceed its Article III role by imposing a prior restraint on speech and petitioning activity across every branch and level of government, for an objective that is illegal under federal law: to "restrain an employee in the exercise of his right to file charges." *Nash v. Florida Industrial Comm'n*, 389 U.S. 235, 238 (1967).

11

**CONCLUSION**

For these reasons, Defendant Nicholas Krudy respectfully requests that the Court dismiss the Complaint and grant such other relief as the Court deems just and proper.

Dated: March 10, 2026

Respectfully submitted,

Nicholas Krudy

PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Defendant, pro se

## CERTIFICATION UNDER LOCAL RULE 7.1(f)

Pursuant to Local Rule 7.1(f), I certify that this case has not yet been assigned to a track and that this memorandum, excluding this certificate and the certificate of service, is 12 pages and complies with the 20-page limitation for unassigned cases.

Nicholas Krudy

## CERTIFICATE OF SERVICE

I certify that on March 10, 2026, I presented the foregoing Motion to Dismiss and Memorandum in Support to the Clerk of Court for filing by hand delivery. Upon filing, the Court's CM/ECF system should electronically serve all counsel of record who have appeared in this matter.

_Nicholas Krudy_
Nicholas Krudy