**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER, INC., | : | |
| | : | CASE NO. 1:25-cv-00339-DAR |
| Plaintiff | : | |
| | : | JUDGE DAVID A. RUIZ |
| v. | : | |
| | : | |
| NICHOLAS KRUDY, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

Plaintiff University Hospitals Cleveland Medical Center, Inc. ("Plaintiff"), by and through counsel, respectfully submits its Motion to Strike Defendant Nicholas Krudy's ("Defendant" or "Krudy") Motion to Dismiss.  Defendant was served with a copy of the complaint and summons in this matter on March 28, 2025.  Despite this, Defendant has intentionally refused to participate in this lawsuit while simultaneously maintaining multiple different frivolous actions against Plaintiff.

Due to Defendant's refusal to participate, Plaintiff filed an application for default in June of 2025.  The application for default is fully briefed and waiting this Court's ruling.  Despite this, Defendant has suddenly elected to file a motion to dismiss in this matter addressing the merits of the underlying claims.  The motion should be stricken because it is untimely and because it is improper due to the pending application or default.  This Could should, therefore, grant this motion to strike, deny Defendant's motion to dismiss, and enter default against Defendant. *See  Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002); *see also Lockard v. General Motors Corp.*, 52 Fed. Appx. 782 (6th Cir. 2002).

This motion is supported by the attached memorandum in support.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
Key Tower, 127 Public Square
Suite 5130
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
Email: dSlezak@grsm.com
dslezak@grsm.com

*Attorneys for Plaintiff*

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION.

As this Court knows, Defendant Nicholas Krudy ("Defendant" or "Krudy") has filed dozens upon dozens of charges and lawsuits against Plaintiff University Hospitals Cleveland Medical Center, Inc. ("Plaintiff"), Plaintiff's employees, Plaintiff's outside counsel, and Plaintiff's outside counsel's law firm.  As to lawsuits, there are currently two federal court lawsuits and one state court appeal.  The state court appeal is addressing the trial court's order declaring Defendant a vexatious litigator pursuant to Ohio law and placing filing restrictions upon him, along with its order granting summary judgment in favor of Plaintiff.  A copy of the trial court's orders on appeal are attached hereto as Exhibit 1.

Despite this, Krudy has purposely and frivolously avoided this lawsuit, despite being served more than one year ago.  Plaintiff filed for an application for default in June of 2025 and the application is fully briefed.  Defendant should not be permitted to file an untimely motion to dismiss while the Court is evaluating whether to grant default against Defendant.  Accordingly, this Court should grant Plaintiff's motion to strike and enter default against Defendant. *See Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002); *see also Lockard v. General Motors Corp.*, 52 Fed. Appx. 782 (6th Cir. 2002).

### II.    PROCEDURAL HISTORY

Despite Krudy's ongoing litigation, Krudy has purposely and intentionally refused to participate in this lawsuit.  Indeed, Krudy evaded service for weeks – taking actions to such extreme levels as to lock access to his home through a gate.  However, Plaintiff ultimately obtained service by serving the P.O. Box Krudy has utilized throughout his years-long litigation against Plaintiff.  This was perfected on March 28, 2025.  Based on the date that the Summons and

Complaint were served on Defendant, Defendant's answer was due on April 18, 2025. Defendant has failed to answer or otherwise plead in response to the Complaint.  Due to Defendant's failure to timely plead, Plaintiff filed an application for default on June 14, 2025.  Incredibly, Defendant quickly opposed on June 16, 2025.  This Court then ordered briefing with respect to the application for default to close by July 1, 2025.  Plaintiff timely filed a reply brief and the briefing with respect to the application for default is now closed.

### III.    LAW AND ARGUMENT

#### A.    The Motion To Dismiss Should Be Stricken.

District Courts are afforded a high level of discretion in managing their dockets. *See Cochran v. United Parcel Service, Inc.*, 137 Fed.Appx. 768, 772-73 (6th Cir. 2005).  This includes a District Court's discretion to grant a motion to strike. *Lockard v. General Motors Corp.*, 52 Fed. Appx. 782 (6th Cir. 2002).  Importantly, a motion to strike may be used to strike improper or otherwise untimely pleadings and motions. *U.S. v. Dirr*, No. 3:08-CR-42, 2009 WL 2986706m *1 (E.D. Tenn. Sep. 10, 2009); *see also Sweigert v. Cable News Network, Inc.*, No. 20-cv-12933, 2022 WL 842322, *7-8 (E.D. Mich. Mar, 21, 2022) (unnecessary delay in matter and improperly filed pleading warranted motion to strike).

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service may be perfected upon an individual by "following state law for serving a summons in an action brough in courts of general jurisdiction in the state where the district court is located or where service is made…"

Importantly, the Ohio rules permit a party to serve a defendant with a copy of a complaint and summons at a P.O. Box registered to a defendant. *See Porter v. Chait*, 8th Dist. Cuyahoga No. 98181, 2012-ohio-3696 (default judgment appropriate where defendant was served a copy of the complaint and summons at P.O. box); *see also Davidson v. West*, 10th Dist. Franklin No. 18AP-

268, 2019-Ohio-224 (service of summons and complaint at P.O. Box was appropriate). Plaintiff served Defendant's P.O. Box that he has utilized in order to avoid third parties learning his real name (prior anonymous filings) and to evade service.

Defendant's motion to dismiss fails to address this legal issue or otherwise advance authorities providing that service was not perfected upon him. Accordingly, Defendant has been served.

More importantly and relevant to this motion, Defendant continued to ignore this lawsuit following service of the complaint and summons. Defendant was served on March 28, 2025. Based on the date that the Summons and Complaint were served on Defendant, Defendant's answer was due on April 18, 2025. Defendant has failed to answer or otherwise plead in response to the Complaint. Due to Defendant's failure to timely plead, Plaintiff filed an application for default on June 14, 2025. Incredibly, Defendant quickly opposed on June 16, 2025. This Court then ordered briefing with respect to the application for default to close by July 1, 2025. Plaintiff timely filed a reply brief and the briefing with respect to the application for default is now closed.

Despite this Court not yet ruling on whether default against Defendant is appropriate, Defendant has now filed a motion to dismiss attacking both service and the merits of the underlying claims. Defendant's motion as to the merits is objectively untimely. *See* Fed. Civ. R. 12(b). Equally important, this Court should rule on whether default is appropriate against Defendant due to his purposeful delay and evasion of this lawsuit.

Accordingly, Plaintiff respectfully requests that this Court grant this motion to strike and issue a ruling on Plaintiff's application for default.

**B.      This Court Should Grant Default Against Krudy.**

As to default, when considering whether to enter default judgment, the Sixth Circuit instructs courts to take into account the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).  In this case all of the factors weigh in favor of entering a default judgment against Plaintiff.  Plaintiff has failed to answer the counterclaim for months while he actively litigated his other cases against Defendants.  In fact, Plaintiff filed new charges with the Ohio Civil Rights Commission and the National Labor Relations Board that purport to address the litigation Plaintiff has adverse to Defendants.  As set forth above and in the pending application for default, Plaintiff can satisfy all of the factors required for default judgment against Defendant.

Needless to say, if this Court does not act Plaintiff will continue his course of harassment against Defendants.  This Court should follow the Sixth Circuit's recent holding in *Anderson v. Corrigan*, Case No. 23-4032, 2024 WL 5278791 (6th Cir. July 1, 2024), and dismiss Plaintiff's claim and enter a vexatious litigator order on Plaintiff.  *Id.* at *2-3.  "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  Plaintiff's litigation efforts demand such prefiling restrictions and the final end of his five year litigation quest against UHHS, its subsidiaries, its employees, and its agents

Accordingly, Plaintiff respectfully requests that this Court grant this motion to strike and issue a ruling on Plaintiff's application for default.

IV.     <u>**CONCLUSION**</u>

Based on foregoing arguments and authorities, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss and, instead, rule upon Plaintiff's pending application for default.  Plaintiff has intentionally refused to participate in this lawsuit.  Plaintiff cannot now file an improper and untimely motion addressing the merits while this Court is considering whether to grant default against Defendant – a declared vexatious litigant.  Accordingly, the motion to dismiss should be stricken and this Court should enter default against Defendant.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
Key Tower, 127 Public Square
Suite 5130
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
Email: dSlezak@grsm.com
dslezak@grsm.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was filed with the Court on April 10, 2026.  A copy was also emailed to UHCMC at john@johnkoe.org. A copy was also served on plaintiff via U.S. standard mail at his P.O.Box No. 527, Novelty, Ohio 44072.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Gordon Rees Scully Mansukhani, LLP

*One of the attorneys for Plaintiff*